Matter of Fernandez v Otero (2024 NY Slip Op 03176)

Matter of Fernandez v Otero

2024 NY Slip Op 03176

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2023-04080
 (Docket No. V-10786-22)

[*1]In the Matter of Jelitza Benavides Fernandez, petitioner- appellant, 
v
Jose Antonio Baca Otero, respondent; Jayce T. B. B. (Anonymous), nonparty-appellant.

Bruno J. Bembi, Hempstead, NY, for petitioner-appellant.
Paul D. Stone, Tarrytown, NY, for nonparty-appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother and the subject child separately appeal from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), dated April 24, 2023. The order, after a hearing, denied the mother's motion for the issuance of an order, inter alia, making specific findings so as to enable the subject child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status pursuant to 8 USC § 1101(a)(27)(J).
ORDERED that the order is affirmed, without costs or disbursements.
In December 2022, the mother commenced this proceeding pursuant to Family Court Act article 6, seeking sole custody of the subject child. Thereafter, the mother moved for the issuance of an order, inter alia, making specific findings so as to enable the child to petition the United States Citizenship and Immigration Services for special immigrant juvenile status (hereinafter SIJS) pursuant to 8 USC § 1101(a)(27)(J). After a hearing, in an order dated March 16, 2023, the Family Court awarded the mother sole custody of the child, and in an order dated April 24, 2023, the court denied the mother's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition for SIJS. The mother and the child separately appeal from the order dated April 24, 2023.
Contrary to the conclusion of the Family Court, the mother established that Peru, not Canada, was the child's previous country of nationality or the country of last habitual residence where the child's birth was registered (see Matter of Briceyda M.A.X. [Hugo R.A.O.], 190 AD3d 752, 754). It is undisputed that the child is under the age of 21 years, unmarried, and legally committed to an individual appointed by the court. However, under the circumstances of this case, the mother failed to submit sufficient evidence that the father abandoned the child. Accordingly, the court properly denied the mother's motion for the issuance of an order, inter alia, making specific findings so as to enable the child to petition for SIJS.
DILLON, J.P., BARROS, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court